# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUEGENE A. HAMPTON,

        Plaintiff,

v.                                                         Case No. 05-C-662

QUALA CHAMPAGNE,
LT. STEINKE and ANDREW MATSON,

        Defendants.

## DECISION AND ORDER

Plaintiff, Luegene A. Hampton, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By order dated August 29, 2007, the court granted the defendants' motion for summary judgment. That same date, judgment was entered dismissing this action. This matter comes before the court on the plaintiff's motion for reconsideration.

On September 27, 2007, the plaintiff filed a motion for reconsideration of the August 29, 2007, decision and order granting the defendants' motion for summary judgment. Inasmuch as the plaintiff's motion was filed more than 10 days after the entry of judgement and, if granted, would result in a substantive change in the judgment, it is properly regarded as one to alter or amend the judgment under Federal Rule of Civil Procedure Rule 60(b). *See Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997).

Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center*, 411 F.3d 831, 837 (7th Cir. 2005)). In assessing whether relief is appropriate, the court must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation. Wright, Miller & Kane, *Federal Practice and Procedure* § 2857 (1995).

The plaintiff contends that he is entitled to reconsideration because it was error to dismiss his access to the courts claim as being barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, the plaintiff states that, because the defendants' actions prevented him from prosecuting his habeas action, his access to the courts claim is not *Heck*-barred. In support of his assertion, the plaintiff cites *Hoard v. Reddy,* 175 F.3d 531, 533 (7th Cir. 1999), in which the Court of Appeals for

the Seventh Circuit held that "[t]here is probably an exception to the rule of *Heck* for cases in which no route other than a damages action under section 1983 is open to the person to challenge his conviction."

Although the plaintiff does not indicate which provision of Rule 60(b) entitles him to reconsideration, legal error is not a proper ground for relief. *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) (Rule 60(b) "is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier."). Moreover, the plaintiff did not previously argue, nor has he proved, that the defendants rendered federal habeas relief unavailable. Indeed, the court notes that the plaintiff's habeas case, *Hampton v. Thurmer*, 04-C-0252 (E.D. Wis.), was *reopened* on October 23, 2007, less than two months after judgment was entered dismissing this § 1983 action. For all these reasons, the plaintiff has failed to show that he is entitled to reconsideration and his motion will be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #44) be and the same is herewith **DENIED.**

Dated at Milwaukee, Wisconsin, this 1st day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge